Froessel, J. (dissenting).
I concur with Judge Dye for reversal. We are not here concerned with the respective rights of the Sanders, the Child Care Agency, or the mother, for it is undisputed that the Sanders have no rights as against either of the latter. The mother may have her child, Laura, whenever she wishes, subject to the provisions of section 383 of the Social Welfare Law. Our only concern is Laura’s best interests in the meantime. The problem presented rightly troubled the learned Justice at Special Term, and the Appellate Division was sharply divided.
Laura was born on June 3, 1953. Her mothqr delivered her to the Department of Welfare of New York City, who thereupon turned her over to the Agency. On July 30, 1954 the Agency gave the child to the Sanders for boarding care, at which time she was not quite 14 months old. Seymour Sanders at the time of the hearing was 30 years old, his wife 28, and they are childless.
Laura’s mother visited her but once a year for the first two years. Small wonder then that the Sanders thought she had little interest in Laura, and, therefore, inquired about adopting her, despite the fact that they had been told by the Agency *235 that Laura could not he adopted. Its order having been disobeyed, the Agency sought to place the child in another home. The Sanders were told they u were too attached to the child ”; they “ loved her too much ”. For that entirely normal human reaction of the average person to the love of a child, Laura is to be transferred to strangers in the sixth year of her life.
The Agency took the position, at the hearing, that it could not function properly if a “ foster family was in position to question our judgment, even if our judgment, if you weigh it, might turn out to be wrong Perhaps they are right (Social Welfare Law, § 383), but certainly the courts have the power, as Judge Dye has pointed out, to determine what is in the best interests of the child, our paramount concern.
In 1954 Laura was boarded on a temporary basis. More than four years later, we do not have the slightest indication as to when, if ever, the mother will want her child. If Laura is to be bandied about meanwhile from family to family until she is transferred to her mother, each such change will be extremely difficult for the child, as testified to without contradiction by the psychiatrist at the hearing. Why multiply the shocks? And if the mother never chooses to take Laura, and that does not appear to be unlikely from the record before us, the child could not find a better home than she now enjoys.
I am of the opinion that the Agency, however well motivated, has committed grave error here, contrary to the best interests of the child; that the courts below were in no small measure erroneously influenced by the so-called rights of the Agency, rather than by the welfare of the child, and that there is no substantial evidence to support their determinations. Accordingly, I would reverse the orders below, and dismiss the petition.
Judges Desmond, Ftjld and Burke concur with Chief Judge Conway ; Judge Dye dissents in an opinion in which Judge Van Voorhis concurs and in which Judge Frobssel concurs in a separate opinion.
Order affirmed.